**In re NECO ENTERPRISES, INC., Debtor.**

**No. 97–15288.**

United States Bankruptcy Court, D. Rhode Island.

Jan. 12, 2001.

---

Arnold Montaquila, Montaquila & Summer, Providence, RI, for debtor.

Joseph G. Butler, Barron & Stadfeld, Boston, MA, Chapter 11 Trustee.

Thomas H. Quinn, Jr., Quinn, Schechtman & Teverow, Providence, RI, for creditors Elliot Cohen, Timothy Conley and Paul Buff.

Justin Shay, Cameron & Mittleman, Providence, RI, for creditor DEPCO.

## *ORDER*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on November 1, 2000, on the Motions of Elliot Cohen, Esq., Timothy Conley, and Paul Buff for leave to file late proofs of claim in this 1997 Chapter 11 case. The bar date for filing claims in the case was June 30, 1998. All of the Movants, who are former directors of the Debtor, NECO Enterprises, Inc. ("NECO"),[1] seek to file contingent claims against the estate for indemnification, depending on the outcome of litigation pending in the state court.

This dispute is precipitated by following facts: On December 14, 1997, DEPCO commenced an action for money damages in the Providence County Superior Court against the former directors, officers and advisers of NECO. The Movants are some of the named defendants in that litigation, and one of their defenses is that they were unaware that NECO's bylaws contained an indemnification provision until Joseph Butler, the Chapter 11 Trustee, through discovery in the Superior Court litigation produced a copy of the bylaws on October 20, 1999, well after the June 30, 1998 bar date. All of the Movants testified that they never read the bylaws prior to October 1999, although they served as directors since 1989, and there is no evidence that the bylaws were not accessible or available to them for inspection during the entire time that they served as directors.

---

1. Paul Buff also served as the Vice President  of NECO.

In addition to the bylaw provision in question, Movant Paul Buff actually felt it necessary to, and did in fact negotiate on his own behalf a separate and additional indemnification agreement with NECO when he resigned from the Board in 1992, testifying that after he received his privately executed indemnity agreement in early 1992, he placed it in a box and never thought of it again until October 1999, when his attorney asked him if such an agreement existed.

■ Upon consideration of all of the evidence, I agree with, adopt, and incorporate herein by reference the arguments of the Trustee, and rule that the Motion must be and is DENIED. For years, the Movants were directors of a publicly traded company, and it is inconceivable that they never had access to nor had explained to them the company's bylaws, before October 1999. In December 1997, all of the Movants were named as defendants personally in the Superior Court action challenging their actions as directors of NECO. At about the same time, on December 23, 1997, NECO was petitioned into an involuntary bankruptcy proceeding, and the Movants admit that they had full knowledge of the bankruptcy. Ordinary prudence, due diligence, and the exercise of reasonable business judgment suggest that this would have been the logical time for the Movants to determine whether they had claims for indemnification against NECO. Instead, they rely on the naive (and unacceptable) contention that they simply were unfamiliar with the company bylaws until December 1999. In my view this conduct may not amount to excusable neglect as to these Movants, all of whom are charged with a relatively high degree of sophistication and business acumen. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). This conclusion is even more inevitable in the case of Paul Buff, who actually negotiated for and obtained a separate indemnification agreement when he resigned from the board in 1992. Buff's suggestion that he was not aware of his right of indemnity against NECO is rejected, as is the argument that the Movants simply forgot, or never bothered to inquire about it.

■ The Movants' finger pointing at the Trustee is irrelevant and does nothing to support their position. He is not their keeper. Nevertheless, instead of disallowing the claims outright, I will accept the Trustee's alternate recommendation and allow the claims as tardily filed, for purposes of distribution under the Chapter 11 plan.

Enter judgment consistent with this order.